**STATE BAR OF TEXAS, Appellant,**

v.

**Donald Thomas McDEVITT, Appellee.**

No. 2-93-003-CV.

Court of Appeals of Texas,
Fort Worth.

June 8, 1993.

Opinion on Rehearing July 14, 1993.

Office of Gen. Counsel, State Bar of Texas, James M. McCormack, Gen. Counsel, Linda A. Acevedo, Asst. Gen. Counsel, Austin, for appellant.

Joe Shannon, Jr., Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and DAY, JJ.

OPINION

HILL, Chief Justice.

The State Bar of Texas appeals the trial court's granting of Donald T. McDevitt's application for reinstatement to the practice of law. McDevitt had previously resigned from the practice of law in 1985 following his felony conviction for conspiracy to defraud the government by impeding the Internal Revenue Service.

The State Bar of Texas contends in point of error number one that the trial court erred by applying the State Bar Rules in effect on the date that McDevitt prematurely filed his application for reinstatement rather than those that became effective before the date upon which McDevitt first had the right to apply for reinstatement. In a second point of error, the State

Bar urges that the trial court erred by excluding the testimony of its expert witness as to issues that had no relevance as to the application of the old rules.

We reverse and render judgment that McDevitt's application for reinstatement be denied because we hold that the new Texas Rules of Disciplinary Procedure apply to his application since the application had been abated and was therefore not pending as of May 1, 1992, the effective date of the new rules, within the meaning of that term as used in the new rules.

As noted, the State Bar contends that the trial court erred by applying the State Bar Rules that were in effect on January 9, 1991, the date that McDevitt filed his motion for reinstatement, rather than September 17, 1992, the date McDevitt was first eligible to apply for reinstatement.

McDevitt was sentenced to three years confinement following his conviction. After serving a portion of his sentence, the United States District Court reduced the term of his confinement to the amount of time that he had already served and placed him on probation for the remainder of the remaining three-year period. The court discharged him from criminal probation by an order dated September 17, 1987.

Under article X, section 28(A) of the State Bar Rules that were in effect on January 9, 1991, McDevitt was not entitled to make application for the reinstatement of his license until five years from the date of completion of his sentence. TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon 1988) (STATE BAR RULES art. X, § 28(A)). Therefore, his filing was premature since he would not be eligible to make application until September 17, 1992, five years after he was discharged from his probation. McDevitt filed five years after he was released from imprisonment. Upon request of the State Bar, the trial court abated McDevitt's application until September 17, 1992.

The new Texas Rules of Disciplinary Procedure took effect on May 1, 1992. Rule 11.01 of those rules, if applicable, would prevent McDevitt from being eligible to apply for reinstatement until five years after the restoration of his civil liberties. TEX.R.DISCIPLINARY P. 11.01 (1992), reprinted in TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1993). Rule 1.04 of the new rules provides that they apply prospectively to all attorney professional disciplinary and disability proceedings commenced after May 1, 1992. The rule further provides that the former rules are repealed except to the extent that they apply to then pending disciplinary matters.

The issue then is whether a prematurely filed application, abated on the effective date of the new rules, is a pending disciplinary matter as that term is used in rule 1.04 of the new rules. TEX.R.DISCIPLINARY P. 1.04 (1992), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1993).

We hold that because under either the old rules or the new rules McDevitt's application for reinstatement could not be made until after May 1, 1992, his application was not a pending disciplinary matter on May 1, as that term is used in rule 1.04. Consequently, we hold that the trial court erred by applying the old rules and granting McDevitt's motion for reinstatement. We do not believe that the transitional paragraph in rule 1.04 of the new rules could reasonably have been intended by its framers to allow one to receive the benefits of the old rules by prematurely filing an application for reinstatement, regardless of one's intent in doing so, that he or she would have had no right to file as of the effective date of the new rules. We further hold that the abatement of the application, which was in effect on May 1, 1992, the effective date of the new rules, made the application a matter that was not pending on May 1, within the meaning of rule 1.04.

McDevitt argues that activity in the case shows that the parties treated the case as a pending case. Of the many activities to which he refers, however, only one occurred prior to May 1, 1992. He filed an amended application for reinstatement on April 21, 1992. An examination of that application and the accompanying order setting it for hearing on September 18,

1992, show that the amended application was itself subject to the abatement. If, as we hold, the application was not pending because of the abatement, the amended application, filed subject to that abatement, did not make the matter one that was pending on May 1, 1992. We also hold that any activity after May 1, 1992, by either party did not retroactively make the matter pending as of May 1. We sustain point of error number one. In view of our determination as to point of error number one, we need not consider point of error number two.

We reverse and render judgment that McDevitt's application for reinstatement be denied.

### OPINION ON REHEARING

As part of his motion for rehearing, McDevitt asks that, rather than rendering judgment for the State Bar, we remand for further proceedings as requested by the State Bar in its brief. Because the record below was not fully developed based upon the appropriate theory, as outlined in our original opinion, we hold that it is necessary to remand to the court below for further proceedings. Consequently, we order that McDevitt's application for reinstatement be remanded to the court below for further proceedings. *See* TEX. R.APP.P. 81(c). We overrule McDevitt's motion for rehearing in all other respects.